UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 1:18cv324 |
| SOCIAL SECURITY ADMINISTRATION, and U.S. DEP'T OF VETERANS AFFAIRS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a request for hearing, filed by the Plaintiff, James L. Phillips ("Phillips"), *pro se*, on February 7, 2019. Defendants filed a response to the request on February 20, 2019. Also before the court is the Defendants' joint motion to dismiss Phillips' complaint, filed on February 15, 2019. Phillips filed a letter to the court on February 26, 2019, requesting to subpoena President Trump to his dismissal hearing.

For the following reasons, Phillips' request for a hearing and for subpoena will be denied. Defendants' joint motion to dismiss will be granted.

### Discussion

Phillips initiated this lawsuit by filing a 113 page document. It appears that page one of this document is his "complaint" and the remaining 112 pages are various exhibits. Phillips states that he is a veteran. Most of the exhibits appear to be related to the Department of Veterans Affairs' administrative review of whether some of Phillips' physical conditions were service connected. Most of these VA records date back to the mid to late 1990s or unknown dates. (DE 1 pages 3-7; 15-24 and 26-113). There are also exhibits that relate to Phillips' requests for an audit

of his VA benefits and a pending administrative review matter before the VA. (DE 1 pages 8 and 11).

It seems that these older records may relate to earlier VA determinations related to Phillips' VA benefits. Defendants state that they believe that only the exhibits on pages 8, 11, 12, and 25 relate to Phillips' pending complaint. Though Phillips' allegations against the Defendants are unclear, it seems that Phillips is contesting the offset of his Social Security benefits as evidenced by the exhibits on pages 12 and 25 of his Complaint.

Phillips also appears to be contesting the amount he owes and/or the amount paid by the VA for certain health services he received at the "county hospital" on an unknown date. (DE 1 page 1). Phillips references the "Choice Card" for veterans to use. Defendants have informed the court that the Veterans Choice Program is a benefit for veterans eligible for VA health care to receive care from a local community care provider, paid for by VA. There may be copayments for nonservice-connected care. Additionally, Phillips appears to be contesting the amount of his other VA benefits.

The Defendants point out that Phillips does not provide a jurisdictional statement for his complaint. In addition, Phillips does not identify the specific legal basis for his claims for relief. Defendants assert that this Court does not have subject matter jurisdiction over Phillips complaint and that Phillips fails to state actionable claims for relief.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of claims over which the Federal Court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the Federal Court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir.1986). When a court's jurisdiction to entertain a case is placed in question by the

filing of a 12(b)(1) motion, the Court must resolve that issue before reaching the merits of the case. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987). A court may properly dismiss an action for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1) when the court lacks the statutory authority or constitutional power to adjudicate the case. *Home Builder's Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir.1996).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted[.]" Pursuant to Federal Rule of Civil Procedure 8(a)(2), "detailed factual allegations" are not required, but the rule does call for sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. There are two principles espoused in *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id*. at 555. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id*.

A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*. When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1940-41. The facts in the complaint must "raise a reasonable expectation that discovery will reveal evidence of illegality." *Twombly* at 556.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). The complaint must set out who did what to whom and why. *Dewey v. University of New Hampshire*, 694 F.2d 1 (1st Cir. 1982), cert. denied, 461 U.S. 44 (1983). Since government officials are frequently targets of nonmeritorious suits founded on rhetorical assertions of wrongdoing, the courts have been careful to ensure that plaintiffs suing government officials comply with the standard set out in Fed. R. Civ. P. 8(a). In *Butz v. Economou*, the Supreme Court warned courts about the possibilities of artful pleading and to "[firmly apply] the Federal Rules of Civil Procedure [to] ensure that Federal officials are not harassed by frivolous lawsuits." 438 U.S. 478, 507 (1978).

In the present case, Phillips fails to allege that this Court has jurisdiction over the issues he presents in his complaint, as required. *Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir.1987). The Defendants acknowledge that Phillips is proceeding pro se, and that the Court may liberally construe the allegations in the complaint. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998). However, this Court is not required to "fill in all of the blanks in a pro se

complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996).

Phillips' claims against the Defendants will be dismissed because he cites no waiver of sovereign immunity applicable to this action. An action against a federal agency is deemed an action against the United States. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) ("Absent a waiver of sovereign immunity, the Federal Government is immune from suit") (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)); *Fed'l Housing Admin. v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 84 L.Ed. 724 (1940). The complaint fails to allege any statute waiving the sovereign immunity of the United States.

Sovereign immunity is a threshold defense that should be considered when reviewing any complaint. Federal Courts are Courts of limited jurisdiction, so a complaint must show on its face that the Court has jurisdiction over the matter. A suit against the government cannot proceed absent a waiver of sovereign immunity. It is fundamental that the United States is immune from suit except as it consents to be sued and the terms of its consent to be sued in any Court defines the Court's jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). Since the VA and SSA are federal agencies, plaintiff must allege both the basis for the Court's jurisdiction and the specific statute containing the waiver of sovereign immunity. *Thomas v. Pierce*, 662 F.Supp 519, 523 (D. Kan. 1987).

In this case, as in all cases brought against government officials and agencies in their

5

official capacities, the plaintiff bears the burden of showing that the United States has consented to be sued. *Thomas*, 662 F.Supp. 519 at 523-24; *Cole v. United States*, 657 F.2d 107, 109 (7th Cir 1981) *cert. denied*, 454 U.S. 1083 (1981). There can be no claim against the United States for money damages unless there is a statute that expressly grants a damage remedy. *United States v. Testan*, 424 U.S. 392, 400-401 (1976). Further, the United States has not waived sovereign immunity with respect to a suit against it directly under the Constitution for money damages. *Garcia v. United States*, 666 F.2d 960 (5th Cir. 1982); *Jaffze, Id.*; *Holloman v. Watts*, 708 F.2d 1399, 1401-1402 (9th Cir 1983).

Clearly, Phillips' failure to state how his claims fall within any waiver of sovereign immunity provides cause for the dismissal of the entire Complaint.

Moreover, the Social Security Administration, ("SSA"), is not a proper Defendant in this lawsuit. Phillips only references the Social Security Administration because his Social Security benefits were offset due to a debt owed to the Veterans Health Administration. (DE 1 pp. 12 and 25). Phillips alleges that "…they tapped my Social Security for the Bill…" (DE 1 p.1). However, as explained in the exhibits on pages 12 and 25 of Phillips' complaint, any dispute as to this offset should be directed to the agency he owed the debt. In this instance, the October 10, 2018 communication directed to Phillips indicates that this was a debt owed to the Veterans Health Administration. (DE 1, pp. 12 and 25).

The Treasury Offset Program is "a centralized program administered by the Department of the Treasury ("Treasury") to help federal agencies collect delinquent debts owed to the federal government." *Omegbu v. U.S. Dept. of Treasury*, 118 Fed. App'x 989, 990 (7th Cir. 2004). The program allows the Treasury to collect outstanding non-tax debts from an individual by

withholding funds that would otherwise be paid to that individual by other federal agencies. *See, e.g., Reeves v. Astrue*, 526 F.3d 732, 738 n.3 (11th Cir. 2008). The applicable statute clearly states that "…all Federal payments are eligible for offset," including … "Social Security benefit payments (excluding Supplemental Security Income payments)," 31 C.F.R. § 285.5 31 U.S.C. § 3716(c)(2)(a); 31 C.F.R. § 285.4(a)(2).

"If Plaintiff disputes the debt, his remedy is to pursue a proceeding against the agency to which he owes the debt, and not the SSA. *See, e.g., Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir.2008) (upholding district court's 12(b)(6) dismissal and holding that plaintiff was required to seek relief against the state agency to which he owed the debt rather than Treasury); *Lepelletier v. U.S. Dep't of Education*, 2009 WL 4840153 at *1 (D.D.C.2009) (holding that to the extent plaintiff disputed his outstanding debt, he must proceed against the creditor agency and not Treasury)." *Edwards v. Colvin*, 2014 WL 5493473 at *4 (W.D. Pa. Oct. 30, 2014). *See also* 31 U.S.C. § 3716(c)(2)(a); 31 C.F.R. § 285.4(a)(2). Accordingly, the SSA will be dismissed from this lawsuit.

Although Phillips' complaint does not state the basis for his claims against the VA, in essence, it appears that he is seeking the district court's review of VA's determination under a law that affects the provision of certain benefits by VA to veterans, including his health benefits. However, for health or other benefits, the Veterans Judicial Review Act ("VJRA") governs the availability of judicial review for the VA's benefit determinations. 38 U.S.C. § 511(a). In 1988, Congress enacted the VJRA, which established a framework for the adjudication of veterans' benefits claims. Pub L. No. 100-687, Tit. III, 102 Stat. 4105, 4113-4122 (codified in sections throughout Title 38 of the United States Code). The process begins when a veteran files for

7

benefits with a regional office of the VA, which in turn is responsible making benefits decisions. 38 U.S.C. § 511(a); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). The veteran can appeal decisions by the regional office to the Board of Veterans Appeals, which either issues a final decision or remands the claim to the regional office for further development and subsequent appeal. 38 U.S.C. § 7104. The Court of Appeals for Veterans Claims (the "CVA") has exclusive jurisdiction to review the Board's decisions. 38 U.S.C. § 7252. VA decisions under laws affecting benefits are subject to appeal within the VJRA scheme. Such appeals are taken first to the Board of Veterans' Appeals, an appellate body within VA, and are thereafter within the "exclusive jurisdiction" of the Veterans Court. 38 U.S.C. §§ 511(a), 7104(a), 7252(a).

Congress has also authorized direct challenges to VA actions under 5 U.S.C. §§ 552(a)(1) or 553, including VA rules, interpretations, policy statements, and procedures, but has provided that such actions may be brought only in the Federal Circuit. 38 U.S.C. § 502. Section 511(a) of title 38 precludes review of any VA decision under a law that affects the provision of benefits by VA, except as provided by sections 502 and 7252, or with respect to certain insurance and housing loan matters. The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions. *See* 38 U.S.C. 511(a); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir.2012); *Price v. United States*, 228 F.3d 420, 421 (D.C.Cir.2000); *Beamon v. Brown*, 125 F.3d 965, 970–71 (6th Cir.1997); *Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir.1996); *Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir.1996); *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir.1995); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir.1994); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369–70 (8th Cir. 1992); *Karmatzis v. Hamilton*, 553 F. App'x 617, 618–19 (7th Cir.

2014). As this court does not have jurisdiction over challenges to VA benefit decisions, dismissal is appropriate on this basis as well.

## Conclusion

For the foregoing reasons, Defendants' joint motion to dismiss [DE 15] is hereby GRANTED. As the case is dismissed, there is no need for a hearing and, accordingly, Phillips' request for a hearing [DE 14] and request for subpoena [DE 19] are both hereby DENIED.

Entered: March 29, 2019

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court